NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL L. WAGNER,<br><br>            Plaintiff,<br><br>   v.<br><br>THE UNITED STATES GOVERNMENT,<br><br>            Defendant. | Case Number C 06-03506 JF<br><br>ORDER[1] (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING MOTION FOR THE COURT TO PROVIDE SERVICE<br><br>[re: docket nos. 2, 4] |

     On May 31, 2006, Plaintiff Michael L. Wagner ("Wagner") filed a "Deprivation of Rights Complaint" against the United States government. On the same date, Wagner filed an application to proceed *in forma pauperis*. On June 22, 2006, Wagner filed a motion for the Court to provide service of his complaint.

     Wagner alleges that Judge Ronald M. Whyte, of this district, "willfully and maliciously breached his official duty by committing a crime." Specifically, Wagner alleges that Judge Whyte's "Order Denying Plaintiff's Motion for Recusal and Dismissing Plaintiff's Complaints," issued January 19, 2006, includes fabricated case citations and inexplicably dismisses the

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-03506 JF
ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING MOTION FOR THE COURT TO PROVIDE SERVICE
(JFLC1)

complaint with prejudice rather than without prejudice. Wagner contends that Judge Whyte is not entitled to judicial immunity because criminal acts are alleged. This Court concludes, however, that the alleged actions by Judge Whyte are entitled to judicial immunity. The United States Supreme Court has made clear that judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations omitted). Wagner's complaint neither alleges nor indicates that Judge Whyte's action satisfy either exception. First, Judge Whyte's order was issued in accordance with his official judicial capacity, and Wagner acknowledges that "the instant action is an official capacity lawsuit." Second, there is no allegation or indication that Judge Whyte did not have jurisdiction to issue the January 19, 2006 Order. Accordingly, Wagner's complaint fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed pleading that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Without expressing any opinion as to whether Wagner can afford to pay the filing fee, the Court will DENY without prejudice his application to proceed *in forma pauperis* on the ground that the complaint is without merit. Because Wagner will not proceed *in forma pauperis*, the Court also will DENY Wagner's motion for the Court to provide service.

IT IS SO ORDERED.

DATED: June 28, 2006

JEREMY FOGEL
United States District Judge

2

Case No. C 06-03506 JF
ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING MOTION FOR THE COURT TO PROVIDE SERVICE
(JFLC1)

1  This Order has been served upon the following persons:

2  Michael L. Wagner
   15555 Sanborn Road
3  Saratoga, CA 95070

4

5

...

28

3

Case No. C 06-03506 JF
ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DENYING MOTION FOR THE COURT TO PROVIDE SERVICE
(JFLC1)